IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAYTON DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-19-756-PRW |
| | ) | |
| JEFF HEADRICK, in his individual capacity; | ) | |
| RUSSEL STEWART, in his individual | ) | |
| capacity; and ANGELA MARSEE, in her | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are two motions to dismiss, the first by Defendant Angela Marsee (Dkt. 5) and the second by Defendant Jeff Headrick (Dkt. 13). Both Defendant Marsee and Defendant Headrick move to dismiss the federal civil tort claims brought against them based on the holding of *Heck v. Humphrey*.[1] For the reasons outlined below, the Court agrees and grants the motions to dismiss as to all federal claims only,[2] declines to exercise supplemental jurisdiction over the remaining state law claims, and remands the case to the District Court of Washita County.

Defendant Marsee and Defendant Headrick argue that the civil tort claims[3] brought against them must be dismissed due to the concept of issue preclusion in this context

---

[1] 512 U.S. 477 (1994).

[2] Against all Defendants, including Stewart.

[3] These claims include Plaintiff's first, second, third, and fourth causes of action. *See* Am. Pet. (Dkt. 1-57).

1

explained by *Heck*. Specifically, *Heck* explains that civil tort claims are inappropriate vehicles to challenge underlying criminal convictions, so to avoid dismissal, a plaintiff must prove that the relevant underlying criminal conviction was terminated in favor of the accused.[4] According to Defendant Marsee, "it is undisputed from the public records of the State that Plaintiff has pled guilty to the very crimes at issue in his Amended Petition, and that guilty plea has not been appealed or overturned."[5] Thus, in her view, Defendant Marsee should be dismissed from the lawsuit entirely.[6]

Plaintiff does not contest that his convictions have not been overturned, but disagrees that his claims should be dismissed; he does not view *Heck* as dispositive because he was not convicted of every charge originally brought against him.[7] He points out that "he was charged and prosecuted for Assault and Battery, through use of illegally obtained and harbored evidence, which was later obtained and which resulted in the conviction of this charge, and Plaintiff believes other charges, being reversed and dismissed, resulting in resolution in his favor."[8]

But Plaintiff's own argument supports Defendant Marsee and Defendant Headrick's position. The rule announced in *Heck* is that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

---

[4] *Heck*, 512 U.S. at 486.
[5] Def. Angela Marsee's Mot. to Dismiss (Dkt. 5) at 9.
[6] *Id*.
[7] Pl.'s Resp. to Def. Angela Marsee's Mot. to Dismiss (Dkt. 9) at 5.
[8] *Id*.

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff[9] must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[10] He doesn't even alleged this.[11] Moreover, the entire basis of Plaintiff's civil tort claims is the alleged use of illegally obtained and harbored evidence. So although one charge brought against Plaintiff was ultimately dismissed, each of Plaintiff's federal tort claims—pursuant to §§ 1983, 1985, and 1986—turns on the asserted existence of a conspiracy to use illegally obtained and harbored evidence to convict Plaintiff, and thus deciding in his favor on any of them will call into question the validity of his convictions. This is plainly prohibited by *Heck*, so Plaintiff fails to state a claim upon which relief can be granted and his civil tort claims are thus subject to dismissal.[12]

---

[9] The rule announced in *Heck* is not limited to § 1983 claims; it extends to §§ 1985 and 1986 claims. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("*Heck* . . . applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims.").

[10] *Heck*, 512 U.S. at 486–87.

[11] *See generally* Am. Compl. (Dkt. 1-57); Pl.'s Resp. to Def. Angela Marsee's Mot. to Dismiss (Dkt. 9); Pl.'s Resp. to Def. Jeff Headrick's Mot. to Dismiss (Dkt. 15). Plaintiff does allege that he withdrew his original guilty plea to the charges, but he was ultimately convicted via his nolo contendere plea and makes not allegation that these charges have been overturned, expunged, invalidated, or called into question by a court. *See* J. & Sentence (Dkt. 5-2); OSCN Docket (Dkt. 5-3); *Samuels v. McDonald*, 723 F. App'x 621, 622 n. 1 (10th Cir. 2018) (explaining the court may take judicial notice of court records and dockets).

[12] *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (explaining "the dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim").

Accordingly, Defendants' motions are **GRANTED IN PART** and Plaintiff's civil tort claims against all parties[13] are dismissed without prejudice.[14] The Court declines to exercise supplemental jurisdiction over the remaining claims[15][16] and thus **REMANDS** the case to the District Court of Washita County.

**IT IS SO ORDERED this 23rd day of March, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[13] These claims include Plaintiff's first, second, third, and fourth causes of action. *See* Am. Pet. (Dkt. 1-57).

[14] *See Amaker*, 179 F.3d at 52 (quoting *Heck*, 512 U.S. at 487) ("Disposition of the case on *Heck* grounds . . . warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'").

[15] *See* 28 U.S.C. §1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

[16] This case was originally removed pursuant to this Court's original jurisdiction over the dismissed federal claims pursuant to 28 U.S.C. § 1331. *See* Notice of Removal (Dkt. 1) at 2.